**FILED**

*JUL 2 9 2009*

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROLF ROSENDAHL,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        Civil Action No.    **09 1413**
                                   )
JEREMIAH "JAY" NIXON, *et al.*,    )
                                   )
                Defendants.        )

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and

*pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff was arrested, charged, tried and convicted of a felony offense in the Circuit

Court of Johnson County, Missouri, allegedly on the basis of a warrant and criminal information

unsupported by probable cause and in violation of Missouri law and the United States

Constitution. He unsuccessfully sought habeas relief in the United States District Court for the

Western District of Missouri, and the civil rights actions he brought in federal court were

dismissed under *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that:

> . . . in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ for habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87; *Williams v. Hill,* 74 F.3d 1339, 1340-41 (D.C. Cir. 1996) (applying *Heck* to an

action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388

(1971)). Plaintiff's sentence has expired, and habeas relief is no longer unavailable to him. In

this action, plaintiff demands a declaratory judgment that the "favorable termination" rule of

*Heck* does not bar an action seeking redress for the wrongful acts committed by the Governor of Missouri, the Sheriff of Johnson County, Missouri, the prosecutor and two judges of the Circuit Court for Johnson County, Missouri involved in the criminal proceedings against him.

The Court will dismiss the complaint for failure to state a claim upon which relief can be granted. "Because [plaintiff, a former prisoner,] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery and fails to state a claim upon which relief may be granted." *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam); *Mitchell v. Dep't of Corr.*, 272 F. Supp. 2d 464 (M.D. Pa. 2003) (applying *Heck*'s favorable termination requirement to preclude a § 1983 action filed by a state prisoner who had been released from custody). Nor can plaintiff obtain declaratory relief based on the allegations of the complaint because, again, a judgment in plaintiff's favor necessarily implies the invalidity of his conviction and sentence. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: 7/27/09